### JOSE VILLA v. THE STATE.

#### No. 1184. Decided November 8, 1911.

#### Rehearing denied December 6, 1911.

**1.—Murder—Statement of Facts.**

See opinion for facts authorizing the Appellate Court to consider the statement of facts, although filed one day too late.

**2.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of murder, the requested charges are all substantially embraced in the main charge of the court, and there were no exceptions to the refusal of the requested charges, and the evidence was sufficient to sustain the conviction, there was no error under Article 723, Code Criminal Procedure.

**3.—Same—Jury and Jury Law—Race Discrimination.**

Where, upon a trial of murder, defendant moved to quash the indictment because of prejudice against the Mexican race in the selection of the grand jurors, and also as to the special venire, and the court heard the testimony and did not find any such prejudice, there was no error.

**4.—Same—Excessive Punishment—Discretion of Court.**

Where, upon trial of murder, the court refused to grant a new trial on the ground of excessive punishment, which was amply supported by the evidence, there was no error.

Appeal from the District Court of DeWitt. Tried below before the Hon. John M. Green.

Appeal from a conviction of murder in the second degree; penalty, seventy-five years imprisonment in the penitentiary.

The opinion states the case.

*J. P. Parris,* for appellant.—On the question of race discrimination: Carter v. State, 39 Texas Crim. Rep., 345; Smith v. State, 42 id., 220; Whitney v. State, id., 283; Kipper v. State, id., 613; Smith v. State, 44 id., 90; Smith v. State, 45 id., 405; Strauder v. Va., 100 U. S., 303; Va. v. Rives, id., 313; Ex Parte Va., id., 339; Neal v. Del., 103 id., 370; U. S. v. Gale, 109 id., 65; Gibson v. Miss., 162 id., 565; Williams v. Miss., 170 id., 213; Carter v. Texas, 177 id., 442.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing statement of facts: Sanders v. State, 129 S. W. Rep., 605; Armstrong v. State, 130 S. W. Rep., 1011.

PRENDERGAST, JUDGE.—The appellant was indicted by the grand jury of DeWitt County, charged with the murder of Ernest Underwood on September 9, 1907. Upon a trial, he was convicted of murder in the second degree and his punishment assessed at confinement in the penitentiary for seventy-five years.

The record shows that the appellant was represented by an attorney of the DeWitt County bar, under appointment by the court. The assistant attorney-general has made a motion to strike out the statement of facts in this case because filed one day too late and upon other grounds. It is unnecessary for us to pass upon that question or to discuss it, because of the disposition we make of the case. In this connection, however, we will state that the judgment of the court itself shows that the statement of facts could not be earlier prepared and presented to the State's attorney because of the sickness of the appellant's attorney, and that the district attorney could not earlier pass upon it because of his sickness. The statement of facts in the record also shows that it was agreed to by all parties and approved by the court. We have considered the statement of facts in the disposition of the case.

The testimony shows that the appellant, a Mexican, and the deceased, as it is expressed, a white man, together with one other of each nationality, left the city of Cuero on the evening the killing occurred. The deceased was in charge of one two-horse wagon and the appellant in charge of another. The State's witness, Prageres Garza, a Mexican, was a stranger to all of the parties at the time and sought permission to ride with the parties in appellant's wagon, he desiring to go to the same locality some several miles from Cuero where these parties were going. They permitted him to ride with them. After going a short distance, the deceased turned over to said State's witness Garza, the wagon he was in charge of, which was going along in company with, but just behind, the other, and he, with the other three persons, got in the wagon the appellant was in charge of; they were all drinking more or less and drank some on the road after leaving Cuero. A few miles out of Cuero, this State's witness says, the whole four persons got into a scuffle or fight while the wagon was moving along, and all four fell out of the wagon on the ground; that the other Mexican, one of the four, was so drunk that he could not walk well and would fall when standing on the ground. However, they all got back in the wagon, nothing serious occurring in this fight or scuffle. After going some distance further they all four got out of the wagon, the other Mexican being so drunk, he fell on the ground and did nothing further in the fight; that the appellant asked the deceased if he wanted to fight him; deceased replied that he did. This inquiry and reply seems to

have been made at the time more than once. Thereupon, the appellant proceeded to search the deceased, this witness and the other white man for arms, and found the men all without arms, and then searched the drunken Mexican on the ground and found on his person a knife, which the appellant proceeded to take from this drunken Mexican on the ground and hold in such a way about his person as not to disclose it to the deceased. That the deceased and the appellant thereupon began the fight and the appellant immediately stabbed deceased with the knife and killed him instantly. The appellant, thereupon, fled and succeeded in escaping from Texas into Mexico. The sheriff and his force hunted for him and finally, nearly three years later, located him in Mexico and brought him back to Cuero, where he was tried in January, 1911. It was nearly three years after the killing before the sheriff succeeded in finding, arresting and returning appellant to DeWitt County.

A doctor was introduced by the State, who testified that he examined the stab in the body of the deceased the next day after the killing; that the wound was about an inch long in the region of the heart, penetrating, in effect, the vital parts and was sufficient to cause and did cause the death instantly of the deceased; that the wound in the breast was not open nor gaping, but on the contrary, was rather closed on the outer surface of the body. That the wound would cause internal bleeding in the cavity of the body, but that in the condition it was, and its location, it would cause very little of the blood to flow from the body.

The appellant, who testified, repeatedly admitted that the testimony of the State's witness, Garza, was substantially true in every particular, except the immediate fight which resulted in the killing. He testified that none of the parties, at the time, got out on the ground and that the killing did not occur on the ground, but that the deceased had been, more than once on the trip, attempting to have a fight with the other drunken Mexican, and that the appellant had kept them apart and prevented the fights; that thereupon the deceased slapped him; that they were at the front of the wagon and he, appellant, holding the lines, driving; that when he was slapped, he ran to the back end of the wagon, which was loaded with cotton seed, and the deceased came towards him with a bottle of whisky and was attempting to strike him, and that he thereupon cut and killed the deceased in self-protection, believing that his own life was in jeopardy and that the deceased would either kill or do him serious bodily injury.

It will be seen that the testimony of the appellant and the State's witness was, as to the immediate fight, practically the reverse of one another; the State's witness showing that the fight occurred on the ground and not in the wagon, and that the deceased made no attempt to assault him otherwise than to have a fist fight, and that the appellant had first searched the deceased and found that he was unarmed and then armed himself and immediately stabbed and killed him.

As stated above, the testimony shows that all the parties were drinking. The appellant himself testified that he was drunk, not so drunk that he could not walk, but was drunk. The testimony by himself, as well as all the other evidence, shows that he immediately fled and escaped into Mexico, as explained above. He claimed that he fled because the other drunken Mexican told him that he had better do so and that he was afraid that he would be caught and punished if he did not. It is well enough to state that the State's witness, Garza, showed that after the deceased was killed, the other four persons, including the appellant, attempted to put the body of the deceased back into the wagon; that in the first effort they failed to do so, the other drunken man assisting in this; that right afterwards, without the other drunken man, the others succeeded in placing the body in the wagon. The appellant introduced the manager of the ranch where he worked for about seven months just prior to and up to the killing, who testified that he examined the place where the killing is alleged to have occurred the next morning after the killing, and that he found nothing there to indicate that a scuffle had taken place, except about a dozen cotton seed on the ground; that there was no blood on the ground; that he examined the wagon and found a drop of blood on the tire of the right-hand front wheel and another drop on the right-hand of the doubletree on the same side of the wagon; that he found the body of the deceased lying partly on his face, his right hand and arm rather under his body and his left alongside of his body, not against it; that he found one knife wound about the point of the left shoulder-blade and it appeared that the knife had struck a bone and glanced; that there was considerable blood in the wagon under the body and that it had even run through on to the ground where he found the wagon and the body that night, several hours after the killing.

The court charged on murder in the first and second degrees, manslaughter and self-defense. There is no attack whatever on the charge of the court by a bill of exceptions, motion for new trial or otherwise. The appellant requested several charges, most of them very short, on the subject of self-defense. They were all embraced substantially in the charge of the court. He also requested three charges on the subject of intoxication of the appellant, but none of them correctly enunciating the law on that subject. They were refused by the court. The court gave no charge on the subject. The appellant neither took a bill of exceptions to the refusal of the court to give the charges he had asked on the subject, nor did he complain on that account by his motion for new trial. So that by article 723, Code of Criminal Procedure, this court is, in effect, prohibited from reversing the lower court under the circumstances as shown by this record.

The appellant made a motion to quash the indictment because of prejudice against the Mexican race in the selection of the grand jury. Also to quash the special venire on that account and also to quash the summons of the talesmen by the sheriff. The court heard testimony

on these questions and in allowing each bill, stated that he overruled the several motions because the evidence would not sustain it, but, in effect, on the contrary, proved that there was no prejudice. We have examined the testimony on this subject shown by the statement of facts and it is our opinion that the judge was clearly right and is sustained by the evidence in the said rulings he made.

Complaint is also made by bill of exceptions to the verdict, assessing the penalty at confinement for seventy-five years, as excessive, and it is also claimed that the evidence is insufficient to support the verdict. The jury, under the law, clearly had the discretion to fix the penalty as it did and even though it should appear to us to be for a long time, we have no discretion on that ground to disturb it. We have also examined the testimony and think it is amply sufficient to sustain the verdict.

As there is no reversible error presented, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied December 6, 1911.—Reporter.]